Filed 12/4/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re J.L., a Person Coming Under the Juvenile Court Law. | No. B261634 |
| | (Super. Ct. No. PJ51031) |
| THE PEOPLE, | |
| Plaintiff and Respondent, | |
| v. | |
| J.L., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert J. Schuit, Judge. Affirmed.

Bruce G. Finebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.

A minor student, appellant J.L., stole another student's cell phone out of a school locker. The juvenile court found J.L. committed burglary in violation of Penal Code section 459.[1] After the passage of Proposition 47 in November 2014, J.L. petitioned to change his juvenile felony burglary offense to a misdemeanor shoplifting offense under newly-enacted section 459.5. We consider whether J.L.'s theft of the phone from the school locker was a theft from a "commercial establishment" such that it is eligible for reclassification as misdemeanor shoplifting under section 459.5.

BACKGROUND

A.     J.L.'s Burglary Adjudication[2]

On May 15, 2014, a teacher at Canyon High School in Santa Clarita found J.L. and another student hiding in the bathroom after class. The teacher told them to go to their next class, but J.L. and the other student went into the locker room. The teacher saw them do so and notified a supervisor. The teacher and supervisor entered the locker room and found J.L. and the other student in possession of paper clips that had been formed into a shape to open or pick locks. J.L. and the other student were taken to the school office, and another student at the school subsequently reported that his phone was missing from his locker.

When interviewed by a School Resource Sheriff's Deputy, J.L. admitted that he and his companion intended to steal from the locker room. J.L. told the deputy that after the teacher told him and his companion to return to class, they entered the locker room and stole the phone, which they placed in an empty locker. J.L. showed the deputy where the phone was located. J.L. and his companion were placed under arrest.

---

[1]     All undesignated references that follow are to the Penal Code.

[2]     Because J.L. admitted the burglary, the background facts are taken from the probation officer's report.

2

The district attorney's office filed a Welfare & Institutions Code section 602 petition charging J.L. with one count of burglary, a felony (§ 459), one count of possession of burglar's tools, a misdemeanor (§ 466), and one count of receiving stolen property of a value not exceeding $950, a misdemeanor (§ 496, subd. (a)).

J.L. admitted the count 1 burglary allegation in the petition, and the juvenile court dismissed counts 2 and 3. The court declared J.L.'s burglary offense to be a felony and placed him on probation pursuant to Welfare & Institutions Code section 790, subdivisions (a) and (b).

### B.     Passage of Proposition 47

California voters approved Proposition 47, the Safe Neighborhood and Schools Act, on November 4, 2014. Proposition 47 was intended to "ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K-12 schools, victim services, and mental health and drug treatment." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70.) The Act reclassified certain drug and theft offenses, which had previously been felonies or "wobblers,"[3] as misdemeanors. (*People v. Contreras* (2015) 237 Cal.App.4th 868, 889-890.)

Proposition 47 created a new crime of "shoplifting," a misdemeanor offense that punishes certain conduct that previously would have qualified as a burglary. Now codified at section 459.5, the statute added by the initiative provides:
"(a) Notwithstanding Section 459 [the burglary statute], shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry

---

**3**      A "wobbler" is a crime that can be charged as either a felony or a misdemeanor.

into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor. . . . [¶] (b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 5, p. 71.) The ballot pamphlet for Proposition 47 explained that "[u]nder current law, shoplifting property worth $950 or less (a type of petty theft) is often a misdemeanor. However, such crimes can also be charged as burglary, which is a wobbler. Under this measure, shoplifting property worth $950 or less would always be a misdemeanor and could not be charged as burglary." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) analysis of Prop. 47, p. 35.)

Proposition 47 also included a provision that allows certain offenders to seek resentencing. Defendants who are serving a sentence for a felony that would have been a misdemeanor had Proposition 47 been in effect at the time of the offense may file a petition for recall of sentence. (§ 1170.18.)


C.    J.L.'s Petition for Recall of Sentence

On January 8, 2015, J.L. filed a petition for recall of sentence seeking to reclassify his felony burglary offense to misdemeanor shoplifting under section 459.5. He argued that a school was "open during normal business hours as is any commercial establishment" and he asserted there did not appear to be any other language or restriction in section 459.5 that would bar finding his offense eligible for resentencing.

The court denied J.L.'s motion, finding that the facts of his case did not qualify as an offense under section 459.5, which applies only to thefts from a "commercial establishment." The court reasoned that section 460 defined degrees of burglary, and "[b]asically you've got a definition for first [degree burglary], and what they say is everything else that isn't covered by first [degree burglary] is automatically a second [degree burglary]. [¶] So it seems to me that while prior to Prop[osition] 47, entering a commercial establishment for the purpose of shoplifting would have qualified as second

4

degree burglary, [but] with the advent of Prop[osition] 47, that's no longer the case. They carved out a second crime for it. But that doesn't mean there aren't other types of traditional second [degree] burglaries that are not covered by [Proposition] 47, and I think this is one of those. I think entering a school is not the same thing as shoplifting under 459.5." The juvenile court therefore denied J.L.'s petition to recall his sentence.

DISCUSSION

J.L. argues his felony adjudication for burglary based on his theft of the cell phone from a school locker may be reduced to misdemeanor shoplifting under section 459.5.[4] He correctly observes that section 459.5 does not define the term "commercial establishment," and he urges us to hold that a public high school is such an establishment because, as he puts it, a school "share[s] similar traits with a commercial establishment, such as maintaining regular hours of operation, being closed regular days and hours, engaging with members of the public, and conducting normal functions associated with most businesses (e.g. maintaining personnel, handling payroll, accounting, accepting phone calls, dealing with inventory, etc.)." Respondent counters that the generally accepted meaning of the term "commercial establishment" does not include a school, at least under the circumstances presented by J.L.'s offense conduct. Respondent gets the better of the argument.

"'In interpreting a voter initiative . . . we apply the same principles that govern statutory construction. [Citation.] Thus, "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.]'" (*People v. Briceno* (2004) 34 Cal.4th 451, 459; *Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276.) "'The

---

**4** Appellant also contends, and we assume for purposes of our disposition, that juvenile offenders may properly invoke Proposition 47's recall of sentence provision, section 1170.18, to seek reclassification of a prior adjudication. (*Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1225 ["Considered in its broader context, section 1170.18's use of adult criminal terminology does not reflect an intent to exclude juvenile offenders from its provisions"].)

5

statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.] In other words, 'our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure.'" (*People v. Briceno, supra,* at p. 459.) Our review is de novo. (*California Chamber of Commerce v. Brown* (2011) 196 Cal.App.4th 233, 244.)

Burglary of a school is second degree burglary. (§ 460, subds. (a)-(b).) Section 459.5, however, carves out an exception to second degree burglary and states that shoplifting, as defined in the statute, can be charged only as a misdemeanor offense (unless specified exceptions apply). (§ 459.5, subds. (a)-(b).) The crime of shoplifting has three elements: (1) entry into a commercial establishment, (2) while the establishment is open during regular business hours, and (3) with intent to commit larceny of property valued at $950 or less. (§ 459.5, subd. (a).)

J.L.'s argument fails on the first of these elements. Whatever broader meaning "commercial establishment" as used in section 459.5 might bear on different facts, J.L.'s theft of a cell phone from a school locker room was not a theft from a commercial establishment. Giving the term its commonsense meaning, a commercial establishment is one that is primarily engaged in commerce, that is, the buying and selling of goods or services. That commonsense understanding accords with dictionary definitions and other legal sources. (Webster's 3d New Internat. Dict. (2002) p. 456 ["commercial" means "occupied with or engaged in commerce" and "commerce" means "the exchange or buying and selling of commodities esp. on a large scale"]; The Oxford English Reference Dict. (2d ed. 1996) p. 290 [defining "commerce" as "financial transactions, esp. the buying and selling of merchandise, on a large scale"]; Black's Law Dict. (10th ed. 2014) p. 325 ["commercial" means "[o]f, relating to, or involving the buying and selling of goods; mercantile"]; see also 37 C.F.R. § 258.2 [copyright regulation defining the term "commercial establishment" as "an establishment used for commercial purposes, such as

6

bars, restaurants, private offices, fitness clubs, oil rigs, retail stores, banks and financial institutions, supermarkets, auto and boat dealerships, and other establishments with common business areas"]; Gov. Code § 65589.5 [defining "neighborhood commercial" land use as "small-scale general or specialty stores that furnish goods and services primarily to residents of the neighborhood"]; *People v. Cochran* (2002) 28 Cal.4th 396, 404-405 [citing dictionary definition of commerce, "[t]he buying and selling of goods, especially on a large scale," in interpreting statutory phrase "commercial purpose"].) A public high school is not an establishment primarily engaged in the sale of goods and services; rather, it is an establishment dedicated to the education of students.

We believe the voters enacting Proposition 47 understood the reference to "shoplifting" in the ballot pamphlet materials, including in the title and text of section 459.5, in the same way. Shoplifting is commonly understood as theft of merchandise from a store or business that sells goods to the public. (Webster's 3d New Internat. Dict., *supra*, p. 2101 [defining shoplifting as "the stealing of goods on display in a store"]; Black's Law Dict., *supra*, p. 1590 ["Theft of merchandise from a store or business; specif., larceny of goods from a store or other commercial establishment by willfully taking and concealing the merchandise with the intention of converting the goods to one's personal use without paying the purchase price"].) Except for perhaps a school cafeteria or bookstore (circumstances not at issue here, where the phone was stolen from a school locker), a public school is not engaged in the business of selling merchandise or goods at all. It is therefore immaterial, as defendant contends, that a school maintains regular hours, accepts phone calls, or may handle payroll in connection with its personnel. Looking to the ordinary meaning of the statutory language, we simply do not believe that the voters enacting Proposition 47 understood a public high school to be a commercial establishment or a theft from a school locker to be "shoplifting." Thus, the trial court correctly found J.L.'s burglary offense is ineligible for reclassification.

7

DISPOSITION

The order denying J.L.'s petition for recall of sentence is affirmed.

**CERTIFIED FOR PUBLICATION**


BAKER, J.


We Concur:



MOSK, Acting P.J.



KRIEGLER, J.