Filed 3/14/16  P. v. Wilcox CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B262163 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA104411) |
| v. | |
| GABRIEL WILCOX, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jack P. Hunt, Judge.  Reversed and remanded with directions.

Caneel C. Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, and Susan Sullivan Pithey and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

On May 9, 2014, appellant Gabriel Wilcox pled no contest to one count of second degree burglary in violation of Penal Code section 459.[1]  On January 5, 2015, Wilcox filed a petition for resentencing pursuant to Proposition 47, the Safe Neighborhoods and Schools Act (§ 1170.18).  The trial court denied the petition on the ground that the statute was prospective only for a violation of section 459.  We reverse the trial court's order denying the petition and remand for further proceedings consistent with this opinion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 9, 2014, Wilcox pled no contest to one count of second degree burglary (§ 459), a felony offense.  As part of his plea, Wilcox also admitted one prior prison term enhancement (§ 667.5, subd. (b)).  Through his counsel, Wilcox stipulated to a factual basis for the plea based on the preliminary hearing transcript, police report, and probation report.  Wilcox was sentenced to 28 months in county jail.

The burglary charge arose out of an incident in which Wilcox was caught shoplifting items from a CVS Pharmacy.  At the preliminary hearing, a loss prevention employee for CVS testified that, on January 21, 2014, he observed Wilcox enter a CVS store located in Covina, California and steal various items of merchandise by concealing them under his clothes.  A short time later, Wilcox was detained by the police.  Wilcox admitted to the police that he had committed a theft that day and had "visited two CVS stores, one of which was the store in Covina."  The loss prevention employee identified the merchandise recovered from Wilcox's vehicle as belonging to CVS, but could not tell whether all the items came from the same CVS store.  There was no testimony regarding the value of the recovered merchandise at the preliminary hearing.

A pre-conviction probation report prepared prior to Wilcox's plea stated that he had stolen $1,376.83 from CVS.  The report also stated that, during a police interview, Wilcox was asked if he had stolen all of the merchandise from two CVS stores.  In response, Wilcox stated, "The two stores today and others not today."

---

[1]     All further statutory references are to the Penal Code.

On November 19, 2014, Wilcox filed a petition for recall of sentence and resentencing pursuant to section 1170.18. On January 5, 2015, Wilcox filed a second petition pursuant to section 1170.18. In his second petition, Wilcox argued that there was no testimony at the preliminary hearing regarding the value of the property taken, and that in the absence of evidence in the record of conviction showing that the total amount of loss exceeded $950, he was entitled to relief.

On January 20, 2015, the trial court denied the second petition for resentencing. In its minute order, the court stated that the petition was denied because "[r]elief under the statute is prospective only for the charge in count 1, not retroactive." Wilcox filed a notice of appeal from the order denying his petition.

## DISCUSSION

Proposition 47, which is codified in section 1170.18, was approved by California voters in November 2014. The statute "makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) The statute also includes a provision that allows certain offenders to seek resentencing. Specifically, "'[u]nder section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).) A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor … unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).)" (*Id*. at p. 1092.)

Proposition 47 also created a new crime of "shoplifting" by adding section 459.5. Under section 459.5, shoplifting is defined "as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a).) Shoplifting is punishable as a

3

misdemeanor unless the defendant has certain disqualifying prior convictions. (*Ibid.*) Therefore, "to qualify for resentencing under the new shoplifting statute, the trial court must determine whether defendant entered 'a commercial establishment with intent to commit larceny while that establishment [was] open during regular business hours,' and whether 'the value of the property that [was] taken or intended to be taken' exceeded $950. (§ 459.5.)" (*People v. Contreras* (2015) 237 Cal.App.4th 868, 892.)

In this case, the trial court denied Wilcox's petition for resentencing on the ground that relief under Proposition 47 was "prospective only . . . not retroactive" where the defendant was convicted of second degree burglary in violation of section 459. As the Attorney General concedes, the trial court's reasoning was incorrect. "[S]ection 459.5 brings section 459 within its ambit. If facts underlying a previous conviction for felony second degree commercial burglary under section 459 involve the entry of a commercial establishment with the intent to steal during ordinary business hours, defendants are now entitled to petition for resentencing as misdemeanor shoplifting if the value of the property is under $950 because they would be guilty only of a misdemeanor after section 459.5's enactment. [Citations.]" (*People v. Haywood* (2015) 243 Cal.App.4th 515, 522, fn. 9; see also *In re J.L.* (2015) 242 Cal.App.4th 1108, 1112; *People v. Sherow* (2015) 239 Cal.App.4th 875, 879.) Proposition 47 thus applies retroactively to allow a trial court to resentence an otherwise eligible offender from felony second degree burglary to misdemeanor shoplifting, even though the crime was committed prior to the enactment of the statute. The trial court accordingly erred in denying Wilcox's petition on the ground that Proposition 47 applied only prospectively to a second degree burglary offense.

The Attorney General nevertheless contends that the trial court's order should be affirmed because Wilcox did not satisfy his burden of showing that he stole less than $950 from the CVS store, which was required for resentencing. The Attorney General notes that, at the hearing on the second petition, defense counsel asked the trial court if the petition was "denied solely based on the [section] 459." The court stated, "Well, that and

4

the representation of the People that the amount was over [$]950."[2]  In response, defense counsel stated that Wilcox was contending that the total amount of loss cannot be aggregated between two burglaries.  Defense counsel then asked, "But the court is again denying it based on the charge itself; is that correct?"  The court responded, "Correct."  On appeal, the Attorney General reasons that Wilcox failed to meet his burden of proving that the value of the property taken was less than $950 because the pre-conviction probation report, which formed part of the stipulated factual basis for Wilcox's plea, stated that the loss was $1,376.83.  While acknowledging that the probation report also referred to Wilcox stealing merchandise from two different CVS stores, the Attorney General argues that Wilcox's mere assertion that the amount of loss could not be aggregated between two burglaries was insufficient to carry his burden.

The record reflects the trial court never adjudicated the issue of whether Wilcox was ineligible for resentencing based on the value of the property taken.  Although the trial court referred to a representation by the People that the amount of loss was over $950, the court then stated that it was basing its denial of the petition on "the charge itself."  The minute order from the hearing on the second petition similarly stated that the petition was denied on the ground that section 1170.18 did not apply retroactively to a felony burglary charge.  The trial court never addressed whether Wilcox offered any evidence to prove that the value of the stolen property was less than $950, and if so, whether such evidence was sufficient to show his eligibility for relief under section 1170.18.  While the Attorney General asks this court to independently find that Wilcox failed to satisfy his burden of proof regarding the value of the property taken, we decline to do so.  "The trial court's decision on a section 1170.18 petition is inherently factual, requiring the trial court to determine whether the defendant meets the statutory criteria for relief."  (*People v.*

---

[2]    The record on appeal does not include any written response filed by the People to Wilcox's two petitions for resentencing, nor does it include any record of a hearing on the first petition.  It is thus unclear from the record how the People represented to the trial court that the value of the property stolen was over $950, or what the factual basis for the People's representation was.

*Contreras*, *supra*, 237 Cal.App.4th at p. 892.)  Hence, whether "the value of the property defendant stole disqualifies him from resentencing under sections 459.5 and 1170.18 . . . is a factual finding that must be made by the trial court in the first instance."  (*Ibid*.)

For these reasons, we reverse the order denying Wilcox's second petition for resentencing, and remand the matter to the trial court for further proceedings on the petition.  On remand, the trial court is directed to conduct a hearing to determine whether the value of the property taken exceeded $950, and if it did not, whether resentencing Wilcox would pose an unreasonable risk of danger to public safety under section 1170.18.

At the hearing, Wilcox will bear the burden of establishing his eligibility for resentencing under Proposition 47, including the burden of proving that the value of the property taken did not exceed $950.  (See, e.g., *People v. Perkins* (2016) 244 Cal.App.4th 129 ["[b]ecause defendant is the petitioner seeking relief, and because Proposition 47 does not provide otherwise, 'a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing'"]; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449 [under section 1170.18, petitioner "had the burden to establish 'the facts upon which his … eligibility [was] based[,]' i.e., that the value of the property he took from the store did not exceed $950"]; *People v. Sherow*, *supra*, 239 Cal.App.4th at p. 877 [petitioner seeking relief under section 1170.18 "had the burden to show the property loss . . . did not exceed $950 and thus fell within the new statutory definition of shoplifting"].)  On remand, Wilcox cannot simply rely on a so-called "silent record" regarding the value of the stolen merchandise, but rather must present evidence showing that the value of the property did not exceed $950, and that he is thus eligible for relief under Proposition 47.

## DISPOSITION

The trial court's order denying Wilcox's January 5, 2015 petition is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

ZELON, Acting P. J.

We concur:

SEGAL, J.

BLUMENFELD, J.<sup>*</sup>

---

*         Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.