Filed 8/15/16  P. v. Fuller CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B269512 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA008190-01) |
| v. | |
| TYRONE FULLER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Laura L. Laesecke, Judge.  Affirmed.

Stephen Borgo, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

In 1991, appellant Tyrone Fuller was charged and convicted of first degree residential burglary, a violation of Penal Code section 459.[1]  It was further alleged and proved that appellant had been convicted of the same crime in October 1986 and August 1987.  Appellant was sentenced to a term of 22 years.

In August 2015, appellant moved to reduce his three section 459 convictions to misdemeanors under "Proposition 47."  By order dated December 14, 2015, the court denied the motion, finding that each of appellant's convictions was for an offense that did not qualify under section 1170.18, subdivision (a) or (f).  This appeal followed.

## DISCUSSION

After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  On April 8, 2016, we sent a letter to appellant's last known address, advising him that he had 30 days within which to submit by brief or letter any contentions or argument he wished this court to consider.  We received no response.

This court has examined the entire record, and is satisfied no arguable issues exist.  Proposition 47 "makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)  It created a new provision, section 1170.18, which, among other things, permits "persons who have completed felony sentences for offenses that would now be misdemeanors under Proposition 47" to "file an application with the trial court to have their felony convictions 'designated as misdemeanors.'" (*People v. Rivera, supra,* 233

---

[1]     Undesignated statutory references are to the Penal Code.

2

Cal.App.4th at p. 1093, quoting § 1170.18, subd. (f).) Redesignation is available only where a defendant has been convicted of one of the specified offenses. Appellant is ineligible for redesignation because he was convicted of first degree residential burglary (§ 459), which is not one of the offenses within the scope of Proposition 47. (See *People v. Shabazz* (2015) 237 Cal.App.4th 303, 308 ["[Proposition 47] added sections 459.5 [shoplifting], 490.2 [petty theft] and 1170.18 to the Penal Code; amended sections 473 [forgery related to checks, bonds, bank bills, notes, etc.], 476a [non sufficient funds checks, drafts or bank orders], 496 [receipt of stolen property] and 666 [petty theft with a prior] of the Penal Code; and amended Health and Safety Code sections 11350 [possession of designated controlled substances], 11357 [possession on school grounds] and 11377 [unauthorized possession of controlled substance]"; *People v. Acosta* (2015) 242 Cal.App.4th 521, 526 [defendant's crime -- car burglary -- not within purview of Proposition 47 because not mentioned in list of offenses reduced to misdemeanors]; *In re J.L.* (2015) 242 Cal.App.4th 1108, 1114-1115 [burglary of a school not within purview of Proposition 47].)

Appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the order denying his petition in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278.)

## DISPOSITION

The order denying the motion is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, J.


We concur:


EPSTEIN, P. J.


COLLINS, J.