Filed 8/16/16

CERTIFIED FOR PARTIAL PUBLICATION[*]

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BABYRAY HUDSON,<br><br>    Defendant and Appellant. | D068439<br><br><br><br>(Super. Ct. No. SCE314973) |

APPEAL from an order of the Superior Court of San Diego County, John M. Thompson, Judge. Affirmed.

Jill M. Klein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Randall D. Einhorn and Marilyn L. George, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*]     Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of part III.

Babyray Hudson appeals from an order denying his petition to reduce his second degree burglary and forgery convictions to misdemeanors under Proposition 47, the Safe Neighborhoods and Schools Act (the Act). (Pen. Code,[1] § 1170.18.) Hudson's convictions involve a 2011 incident in which he entered a bank, falsely impersonating another person, with the intent to commit a felony by signing someone else's name to a check. We conclude that, while a bank is a commercial establishment (§ 459.5), the trial court properly denied the petition because Hudson failed to establish his eligibility for resentencing.

PROCEDURAL BACKGROUND

Hudson pled guilty to one count each of second degree burglary (§ 459), forgery (§ 470, subd. (a)), and false impersonation (§ 529, subd. (a)(2)). He also admitted the truth of two prior prison term commitment allegations. (§§ 667.5 & 668.) The trial court sentenced Hudson to a total term of five years, suspended execution of the sentence, granted three years formal probation and indicated Hudson was to complete a residential treatment program of no less than six months. The trial court later revoked and terminated probation and imposed the previously stayed five-year commitment, to be served locally under section 1170, subdivision (h).

In 2014, after passage of the Act, Hudson filed a petition asserting his second degree burglary and forgery convictions must be reduced to misdemeanors, and asking the court to exercise its discretion to reduce the false impersonation conviction to a misdemeanor. The trial court denied the petition, finding a bank is not a commercial

_____

[1]    Undesignated statutory references are to the Penal Code.

2

establishment under the Act and that Hudson intended to take property in excess of $950. Hudson timely appealed.

## DISCUSSION

### I

### *GENERAL LEGAL PRINCIPLES*

In November 2014, the electorate approved the Act, which makes certain theft-related and drug-related offenses misdemeanors. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091 (*Rivera*).) Among other things, the Act reduced certain types of forgeries identified in section 473, subdivision (b) to misdemeanors, including forgery by check under section 475, as long as the value of the check does not exceed $950. (§ 473, subd. (b).) The Act added section 459.5, which classifies shoplifting as a misdemeanor "where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a).)

The Act also created a new resentencing provision under which certain individuals may petition the superior court for a recall of sentence and request resentencing. (§ 1170.18, subd. (a).) "A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).)" (*Rivera*, *supra*, 233 Cal.App.4th at p. 1092.)

" 'In interpreting a voter initiative, we apply the same principles that govern our construction of a statute." (*People v. Lopez* (2005) 34 Cal.4th 1002, 1006.) " 'In

3

determining intent, we look first to the words themselves. [Citations.] When the language is clear and unambiguous, there is no need for construction. [Citations.] When the language is susceptible of more than one reasonable interpretation, however, we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part. [Citations.]' [Citation.] We also ' "refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.] 'Using these extrinsic aids, we "select the construction that comports most closely with the apparent intent of the [electorate], with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." ' " (*People v. Superior Court* (*Cervantes*) (2014) 225 Cal.App.4th 1007, 1014.)

## II

### *SECOND DEGREE BURGLARY CONVICTION*

Hudson pled guilty to second degree burglary based on his act of entering a bank, falsely impersonating another person, with the intent to commit a felony by signing someone else's name to a check. The question presented is whether the circumstances of the offense entitle Hudson to resentencing under the Act. The inquiry is one of statutory interpretation, which we review de novo. (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 919.)

4

Section 459.5 defines "shoplifting" as: (1) entry into a commercial establishment; (2) while that establishment is open during regular business hours; (3) with the intent to commit larceny; and (4) the value of the property that is taken or intended to be taken does not exceed $950. Hudson argues elements 1, 3 and 4 in this appeal. As we shall explain, the trial court did not err in refusing to resentence Hudson's second degree burglary conviction as, while a bank is a commercial establishment and Hudson's actions qualified as larceny, Hudson failed to carry his burden of showing that he was eligible for resentencing.

## A. Commercial Establishment

The trial court denied the petition finding that a bank is not a commercial establishment under the Act. Hudson asserts the trial court erred because the plain language of section 459.5 and the legislative intent behind the Act compel the conclusion that a "commercial establishment" as used in the new shoplifting statute must be broadly construed to include a bank.

The Act does not define the term "commercial establishment." The People note there are no published cases in California addressing whether a bank constitutes a commercial establishment. However, in cases published after the People filed their respondent's brief, the People conceded that a bank constituted a commercial establishment. (*People v. Root* (2016) 245 Cal.App.4th 353, 356 (*Root*), review granted May 11, 2016, S233546; *People v. Triplett* (2016) 244 Cal.App.4th 824, 829, 831, review granted April 27, 2016, S233172 [plea agreement established defendant entered a bank

and the People conceded at a hearing on the petition that defendant entered a commercial establishment].)

Focusing on the common definition of "shoplifting," the People contend a bank is a financial business where transactions are held, not a commercial establishment where items are on display for sale. (Black's Law Dict. (10th ed. 2014) p. 1590 [defining shoplifting as "[t]heft of merchandise from a store or business; specif., larceny of goods from a store or other commercial establishment by willfully taking and concealing the merchandise with the intention of converting the goods to one's personal use without paying the purchase price."].) The plain language of section 459.5 compels the conclusion that a bank qualifies as a commercial establishment.

The People erroneously focus on the word "shoplifting," which is not an element of the crime. Rather section 459.5 gives shoplifting a more technical definition involving four separate elements, including entry into a commercial establishment. Significantly, the Act does not define shoplifting according to its common meaning and there is nothing in the text of the Act to support a conclusion that the voters intended to adopt the common meaning of shoplifting.

The court in *In re J.L* (2015) 242 Cal.App.4th 1108 discussed the definition of "commercial establishment" in the context of a minor stealing a cell phone from the high school locker of another student. (*Id*. at p. 1111.) The *J.L.* court affirmed the adjudication of the minor for burglary, holding the location of the theft did not occur at a "commercial establishment" as contemplated by section 459.5. (*J.L., supra,* at p. 1114.) The *J.L.* court noted that the commonsense meaning of the term commercial

6

establishment "is one that is primarily engaged in commerce, that is, the buying and selling of goods or services. That commonsense understanding accords with dictionary definitions and other legal sources. (Webster's 3d New Internat. Dict. (2002) p. 456 ['commercial' means 'occupied with or engaged in commerce' and 'commerce' means 'the exchange or buying and selling of commodities esp. on a large scale']; The Oxford English Reference Dict. (2d ed. 1996) p. 290 [defining 'commerce' as 'financial transactions, esp. the buying and selling of merchandise, on a large scale']; Black's Law Dict. (10th ed. 2014) p. 325 ['commercial' means '[o]f, relating to, or involving the buying and selling of goods; mercantile']; see also 37 C.F.R. § 258.2 [copyright regulation defining the term 'commercial establishment' as 'an establishment used for commercial purposes, such as bars, restaurants, private offices, fitness clubs, oil rigs, retail stores, banks and financial institutions, supermarkets, auto and boat dealerships, and other establishments with common business areas']; Gov. Code, § 65589.5, subd. (h)(2)(b) [defining 'neighborhood commercial' land use as 'small-scale general or specialty stores that furnish goods and services primarily to residents of the neighborhood']; *People v. Cochran* (2002) 28 Cal.4th 396, 404-405 [quoting dictionary definition of commerce, ' "[t]he buying and selling of goods, especially on a large scale," ' in interpreting statutory phrase 'commercial purpose'].)" (*J.L., supra,* at p. 1114.)

Because "commercial" involves being engaged in commerce, including financial transactions, we conclude that the term "commercial establishment" includes a bank. The People attempt to narrow the term "commercial establishment" to businesses where items are offered for sale. We acknowledge that a common understanding of the word

7

"commercial" encompasses the buying and selling of merchandise in a retail establishment. However, nothing in the text of the Act supports this narrow interpretation and we reject it.

Even assuming the term "commercial establishment" is ambiguous, we must effectuate the intent of the voters who passed the initiative measure. (*People v. Briceno* (2004) 34 Cal.4th 451, 459.) Additionally, we must read a statute " 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' " (*People v. Pieters* (1991) 52 Cal.3d 894, 899.) The "Findings and Declarations" state that the Act requires "misdemeanors instead of felonies for nonserious, nonviolent crimes . . . unless the defendant has prior convictions for specified violent or serious crimes." (Historical and Statutory Notes, 32A Pt. 3 West's Ann. Gov. Code (2016 supp.) foll. § 7599, p. 163, § 3, subd. (3).) The Act directs that it is to be broadly and liberally construed to achieve its stated purpose of requiring misdemeanors instead of felonies for nonserious, nonviolent crimes. (*Id.* at p. 163, §§ 3, subd. (3), 15; p. 164, § 18.) Here, entering a bank and attempting to cash a forged check is precisely the type of nonviolent crime encompassed by the Act.

## B. Larceny

To constitute shoplifting the entry must be into a commercial establishment "with the intent to commit larceny." (§ 459.5.) Hudson contends the conduct for which he sustained his second degree burglary conviction falls within the scope of "larceny" as encompassed by section 459.5. The People do not address this argument in their respondent's brief.

8

The California Supreme Court will ultimately resolve the question as it is currently reviewing whether a defendant convicted of second degree burglary for entering a bank to cash forged checks is entitled to resentencing under section 1170.18 on the ground the offense meets the definition of shoplifting under section 459.5. (*People v. Gonzales* (2015) 242 Cal.App.4th 35, review granted Feb. 17, 2016, S231171 [entry into a bank to cash a forged check was not larceny within the meaning of section 459.5]; *People v. Vargas* (2016) 243 Cal.App.4th 1416, review granted March 30, 2016, S232673 [entry into check cashing establishment with intent to commit theft by false pretenses by cashing a forged check was an intent to commit "larceny"].) Until our high court resolves this issue, we follow the view that entering a bank with intent to commit theft by false pretenses by cashing a forged check meets the definition of shoplifting under section 459.5.

## C. Remaining Elements

As we discussed, a bank is a commercial establishment and Hudson's actions qualified as larceny. (Pt. II.A & B, *ante*.) To be eligible for resentencing, however, the entry into the establishment must have been during regular business hours and the value of the property taken or intended to be taken must not have exceeded $950. (§ 459.5, subd. (a).) The parties do not address whether Hudson entered the bank during its normal business hours. Regarding the value of the property he intended to take, Hudson asserts the trial court erred when it found that he intended to take more than $950 because the trial court came to this conclusion by looking at information in the postconviction probation report and thus outside the record of conviction. He contends the record of conviction did

9

not disclose sufficient facts establishing the nature of the offense or the value of the property; thus, the trial court was required to presume that the conviction was for the "least offense punishable" which, here, would be misdemeanor shoplifting.

Section 1170.18 is silent as to which party has the burden of establishing eligibility for resentencing. It is well established, however, that a party seeking relief typically carries the burden of proof as to each fact necessary to the party's claim for relief, unless a different burden is specifically assigned by law. (Evid. Code, § 500.) Accordingly, the defendant bears the burden of demonstrating eligibility for relief under the Act. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*); *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 448-449.)

Here, the record shows that Hudson pled guilty to second degree commercial burglary. His guilty plea "constitutes an admission of every element of the offense charged and constitutes a conclusive admission of guilt" and "obviate[d] the need for the prosecution to come forward with any evidence." (*People v. Turner* (1985) 171 Cal.App.3d 116, 125.) Thus, the record of conviction establishes Hudson was guilty of second degree burglary.

In *Sherow*, we held that the petitioner has the burden of presenting evidence showing eligibility for resentencing under the Act. (*Sherow*, *supra*, 239 Cal.App.4th at p. 880.) Hudson presented no evidence below that he entered the bank during its regular business hours; thus, he failed to meet his initial burden of showing eligibility for resentencing. (§ 459.5, subd. (a).) Hudson similarly failed to carry his burden of showing the value of the property he intended to take did not exceed $950. (*Ibid.*) On

10

both elements, Hudson could have presented new evidence to establish eligibility for resentencing. (*Sherow*, *supra*, at pp. 879-880.)

Hudson asserts *Sherow, supra,* 239 Cal.App.4th 875 was wrongly decided as it suggests that the trial court is empowered to look beyond the record of conviction in determining whether a petitioner's offense qualifies for relief under the Act. To the extent Hudson contends *a petitioner* under the Act is limited to the record of conviction to prove sentencing eligibility this argument works against him in situations where, as here, the record is silent. (*People v. Perkins* (2016) 244 Cal.App.4th 129, 140, fn. 5 [in many cases, "the value of the property was not important at the time of conviction, so the record may not contain sufficient evidence to determine its value"; petitioners may seek to meet their burden on this issue by "submit[ting] extra-record evidence probative of the value when they file their petitions for resentencing"].) *Sherow* does not address a situation where *the People* went outside the record of conviction to prove resentencing eligibility. (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1176 ["[I]t is axiomatic that cases are not authority for propositions not considered."].)

Finally, contrary to Hudson's assertion, on this silent record we cannot presume that his conviction was for the "least offense punishable" which, here, would be a misdemeanor shoplifting. For this proposition, Hudson relies on *People v. Williams* (1990) 222 Cal.App.3d 911 (*Williams*). *Williams* held that "[i]n determining the nature of a prior conviction allegation, the 'court may look to the entire record of the conviction . . . but when the record does not disclose any of the facts of the offense

11

actually committed, the court will presume that the prior conviction was for the least offense punishable . . . .' [Citation.]" (*Id.* at p. 915.)

*Williams* is inapposite because it concerned the use of multiple hearsay statements in a probation report in the context of determining beyond a reasonable doubt whether a prior conviction allegation was true for sentence enhancement purposes under the Three Strikes law. (*Williams*, *supra*, 222 Cal.App.3d at pp. 917-918.) In this situation, the prosecution has the burden of establishing enhancements apply. (*People v. Towers* (2007) 150 Cal.App.4th 1273, 1277 ["The prosecution bears the burden of proving beyond a reasonable doubt that a defendant's prior convictions were for either serious or violent felonies."].) On a silent record, the prosecution cannot meet its burden to show the nature of the prior offense triggered a sentence enhancement. Here, the issue before the trial court was not a sentence enhancement that required the People to present proof beyond a reasonable doubt.

Based on these conclusions, we need not, and therefore do not, address Hudson's argument that the trial court erred by relying on evidence outside the record of conviction presented by the People.

III

*FORGERY CONVICTION*

"Every person who possesses any completed check, money order, traveler's check, warrant, or county order, whether real or fictitious, with the intent to utter or pass or facilitate the utterance or passage of the same, in order to defraud any person, is guilty of forgery." (§ 475, subd. (c).) Under the Act, "any person who is guilty of forgery relating

12

to a check, bond, bank bill, note, cashier's check, traveler's check, or money order, where the value of the check, bond, bank bill, note, cashier's check, traveler's check, or money order does not exceed nine hundred fifty dollars ($950)," is guilty of a misdemeanor, subject to exceptions not relevant here.  (§ 473, subd. (b).)

Hudson asserts nothing in the record of conviction supported a finding that the value of the check underlying his forgery conviction exceeded $950.  In any event, he contends the legislative intent behind the Act as well as settled law establishes that a forged instrument has only intrinsic value, such that the term "value" as used in section 473 must be interpreted to mean the value of the forgery and not the amount written on the face of the forged instrument.

Again, Hudson failed to carry his burden of showing that the value of the check did not exceed $950.  (*Sherow*, *supra*, 239 Cal.App.4th at p. 879.)  Thus, we do not address his remaining argument that the term "value" as used in section 473 must be construed to mean the value of the forgery and not the amount written on the face of the check.

DISPOSITION

The order denying Hudson's petition for recall of his felony prison sentences and for resentencing is affirmed.


                                                                    HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


HALLER, J.