Filed 12/19/16

CERTIFIED FOR PARTIAL PUBLICATION[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Appellant,<br><br> v.<br><br>MICHELLE DIANNE FRANSKE,<br><br>  Defendant and Appellant. | C081591<br><br>(Super. Ct. No.<br>MCYKCRF101386) |

  APPEAL from a judgment of the Superior Court of Siskiyou County, Donald R. Langford, Judge. Affirmed.

  Victoria H. Stafford, under appointment by the Court of Appeal, for Defendant and Appellant.

  Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman, Supervising Deputy Attorney General, Larenda R. Delaini, Deputy Attorney General, for Plaintiff and Appellant.

---

[*] Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of part II of the Discussion.

Defendant Michelle Dianne Franske and the People both appeal from a resentencing proceeding pursuant to Proposition 47, which created a new resentencing provision, Penal Code[1] section 1170.18, under which "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence" and request resentencing.

Here, the court granted defendant's request under Proposition 47 to reduce her November 2010 conviction for felony second degree commercial burglary to misdemeanor shoplifting and reduced her punishment for that offense only. In doing so, the court rejected the People's argument that defendant's conduct actually did not constitute shoplifting and also rejected defendant's additional request to strike the associated on-bail enhancement. Defendant and the People appeal from these rulings. We conclude the trial court got it right on both rulings and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Sometime shortly before 11:45 a.m. on September 22, 2010, defendant went into Dole Transportation in Yreka "to inquire about a motor home that was possibly for sale." Dole Transportation employee M. "walked out of the main office/lobby area to contact the owner and when she returned, she found the defendant in her office." Missing from M.'s purse that was in her office were her wallet and cigarettes. M. "confronted the defendant by her vehicle and had her walk back into the office." Defendant removed M.'s wallet from her pants. M. called police, and after police arrested defendant, they found M.'s cigarettes and the $242 that was missing from M.'s wallet.

_____

[1]     All further section references are to the Penal Code.

In November 2010, defendant pled no contest to (among other crimes committed on earlier dates, including a first degree residential burglary) felony second degree commercial burglary and admitted she committed this felony offense while released on bail for the first degree residential burglary. She received an aggregate prison sentence of 10 years eight months, which included a consecutive eight months for the felony second degree commercial burglary and a consecutive two years for the on-bail enhancement.

In February 2016, over the People's objection, the court granted defendant relief under Proposition 47 for the second degree commercial burglary, reducing it to misdemeanor shoplifting, thereby reducing her aggregate prison sentence to 10 years. The court rejected defendant's argument to strike an additional two years from the 10 years for the on-bail enhancement.

From these rulings, both defendant and the People timely appeal.

DISCUSSION

I

*Under The Plain Language Of The Shoplifting Statute,*

*Defendant's Crime Qualifies As Shoplifting*

The People contend that defendant "was not eligible for Proposition 47 relief because her burglary offense is not 'shoplifting' under Penal Code section 495.5." We disagree with the People based on the plain language of the shoplifting statute. (See *People v. Blackburn* (2015) 61 Cal.4th 1113, 1123 [in questions of statutory interpretation, courts "begin with the text" and "[i]f no ambiguity appears in the statutory language, we presume that the Legislature meant what it said, and the plain meaning of the statute controls"].)[2]

---

[2] The California Supreme Court is currently reviewing whether a defendant convicted of second degree burglary for entering a bank to cash forged checks is entitled to resentencing under section 1170.18 on the ground the offense meets the definition of

"[S]hoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)."  (§ 459.5, subd. (a).)

There is no ambiguity in the shoplifting statute as it applies to defendant's conduct.  Defendant entered Dole Transportation "to inquire about a motor home that was possibly for sale."  One appellate court has construed "commercial establishment" in this statute to mean "one that is primarily engaged in commerce, that is, the buying and selling of goods or services."  (*In re J.L.* (2015) 242 Cal.App.4th 1108, 1110, 1114 [a minor student who stole another student's cell phone out of a school locker had not engaged in theft from a "commercial establishment," so the minor's offense was not eligible for reclassification as misdemeanor shoplifting under Proposition 47].)  At a minimum, Dole Transposition was engaged in selling motor homes, fitting within this definition of a "commercial establishment."  Defendant entered Dole Transportation, while it was open during regular business hours, around 11:45 a.m. and, while inside, committed theft of cigarettes and a wallet out of which she took $242, which is a form of larceny.  (§ 490a ["Wherever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor"].)

Notwithstanding this specific definition of "shoplifting" provided by our Legislature, the People argue that "[t]he plain language of this [statute] shows that the crime of shoplifting is meant to track the common understanding of that term, which is

_____

shoplifting under section 459.5.  (*People v. Gonzales* (2015) 242 Cal.App.4th 35, review granted Feb. 17, 2016, S231171 [entry into a bank to cash a forged check was not larceny within the meaning of § 459.5]; *People v. Vargas* (2016) 243 Cal.App.4th 1416, review granted Mar. 30, 2016, S232673 [entry into check cashing establishment with intent to commit theft by false pretenses by cashing a forged check was an intent to commit "larceny"].)

4

the larcenous stealing of openly displayed merchandise from a commercial establishment during business hours." But the People's reading of the statute relies not on its plain words, but on a 1699 English law, legal encyclopedias, and dictionaries that they claim require that only "the larcenous stealing of openly displayed merchandise from a commercial retailer" qualifies as shoplifting. Resorting to these sources adds words that do not appear in the statute, such as "openly displayed merchandise." This violates a "bedrock" rule of statutory construction that if " 'the law-maker gives us an express definition, we must take it as we find it . . . .' " (*Delaney v. Superior Court* (1990) 50 Cal.3d 785, 804, quoting *Bird v. Dennison* (1857) 7 Cal. 297, 307.)

Defendant's conduct fits within the definition of misdemeanor shoplifting in the statute. It is this definition that is the operative language, not the title of the statute.

II

*The Two-Year On-Bail Enhancement Survived*

*When Defendant's Secondary Offense (Commercial Burglary)*

*Was Reduced To A Misdemeanor*

Enacted as part of Proposition 47, section 1170.18, subdivision (k) provides that once a defendant is resentenced to a misdemeanor, that offense "shall be considered a misdemeanor for all purposes" with exceptions not applicable here. Defendant contends this provision precluded the trial court from reimposing the on-bail enhancement in section 12022.1[3] after her second offense (second degree commercial burglary), as that

---

[3]    The on-bail enhancement provides that if a person charged with a felony (the primary offense) is released on bail or on his or her own recognizance and then is arrested for committing another felony (the secondary offense) while released from custody on the primary offense, the person is subject to "a penalty enhancement of an additional two years" if convicted of both the primary offense and the secondary offense. (§ 12022.1, subds. (a), (b), (d), (f).)

term is used in the on-bail enhancement, had been reduced to a misdemeanor (shoplifting).**4**

Proposition 47 allows persons " 'currently serving' " a felony sentence for an offense that is now a misdemeanor to petition for recall of that sentence and for resentencing, and allows persons who have served their felony sentence to apply to have their "felony convictions 'designated as misdemeanors.' " (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092, 1093.) But language in Proposition 47 that makes felonies misdemeanors for all purposes does not apply retroactively. (*Id.* at p. 1100.)

Under the plain language of section 12022.1, the on-bail enhancement was properly charged and imposed in the original proceeding on defendant's secondary offense (then commercial burglary). In September 2010, defendant was "arrested for" (§ 12022.1, subd. (b)) commercial burglary--"a felony offense alleged to have been committed while [she was] released from custody for a primary offense [here, the felony offense of first degree residential burglary]" (§ 12022.1, subd. (a)(2)). As a result, the on-bail enhancement statute made defendant "subject to a penalty enhancement of an additional two years" "consecutive to any other term imposed by the court." (§ 12022.1, subd. (b).) The later change to a misdemeanor of defendant's secondary offense did not alter defendant's status at the time she "committed" the "secondary offense" and thus did not affect whether she was "subject to" the on-bail enhancement. (§ 12022.1, subd. (b).)

---

**4**     A similar issue is currently pending before the California Supreme Court in *People v. Buycks* (2015) 241 Cal.App.4th 519, review granted on the court's own motion on January 20, 2016, S231765. It presents the following issue regarding an on-bail enhancement: "Was defendant eligible for resentencing on the penalty enhancement for committing a new felony while released on bail on a [felony] drug offense even though the superior court had reclassified the conviction for the drug offense as a misdemeanor under the provisions of Proposition 47?" (*People v. Buycks* (Jan. 22, 2016, No. S231765) 2016 Cal. LEXIS 496 [order granting review].)

In short, while defendant was entitled to reduction of the secondary offense to misdemeanor shoplifting, that reduction of the secondary offense had no effect on defendant's on-bail enhancement.

## DISPOSITION

The order resentencing defendant is affirmed.


_____/s/_____

Robie, Acting P. J.


We concur:


_____/s/_____

Murray, J.


_____/s/_____

Hoch, J.