Filed 7/26/22 P. v. Nolkemper CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>HENRY NOLKEMPER,<br><br>      Defendant and Appellant. | B308784<br><br>(Los Angeles County Super. Ct. No. LA030060) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge. Affirmed.

Lara Hoffman for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Michael C. Keller, Deputy Attorney General, for Plaintiff and Respondent.

Some 20 years ago, defendant and appellant Henry Nolkemper, also known as Alejandra Nolkemper, (defendant) was convicted of second degree burglary for breaking a window at Christ Chapel of the Valley in North Hollywood (the Church). Defendant now appeals from a trial court order denying her petition to reclassify her burglary conviction as misdemeanor shoplifting under section 459.5 to the Penal Code.[1] We consider whether defendant's crime meets the elements of shoplifting such that she could be entitled to resentencing—we focus, in particular, on whether the Church qualifies as a "commercial establishment."

## I. BACKGROUND

The building the Church leased to hold religious services like bible study classes also houses a small bookstore. The Church was generally open to the public from 9:00 a.m. until 5:00 p.m. during the week, but it was closed on Mondays.

On Thursday, April 10, 1997, police officers responded to a call of a possible burglary at the Church. A Church official told responding officers that he locked up at the Church the day before at about 9:30 p.m. and discovered a broken window in one of the Church's rooms at about 11:30 a.m. that morning. The room with the broken window was locked from both the inside and out (such that someone breaking in could not gain further

---

[1] Penal Code section 459.5 defines shoplifting as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Undesignated statutory references that follow are to the Penal Code.

2

entry to the Church building without somehow overcoming the deadbolt) and it was not the room where the bookstore was located.[2]

Approximately a year later, defendant went to a police station and claimed to have committed "between 50 and 100 church burglaries"; she directed officers to five specific locations she burglarized, including the Church. Defendant was charged with burglarizing the Church and the four other locations, and she pled guilty to the charges.[3] The trial court initially sentenced defendant to 129 years to life in prison pursuant to the "Three Strikes" law (her prior "strike" convictions were for robbery and assault with a firearm, both in 1987). Later, however, the court granted a motion from the People to dismiss four of the five burglary convictions in the interest of justice and the court resentenced defendant to 25 years to life in prison.

Decades later, in 2020, defendant filed a petition to recall her sentence pursuant to section 1170.18, which was added to the Penal Code as part of Proposition 47, the Safe Neighborhoods and Schools Act of 2014.[4] As authorized by section 1170.18, defendant

---

[2] It appeared the person who broke the window, later identified as defendant, unsuccessfully tried to open the door.

[3] Defendant was adamant that she wanted to plead guilty against the advice of her appointed attorney (who refused to represent her in entering the plea; she represented herself). She later moved to withdraw her pleas but the motion was denied.

[4] Defendant also pursued recall of her sentence via section 1170.126, which was added to the Penal Code by the Three Strikes Reform Act of 2012 (Proposition 36). The trial court denied defendant's Proposition 36 sentence recall petition based on its finding that defendant posed an unreasonable risk of

3

argued she would have been guilty of misdemeanor shoplifting, as defined in section 459.5, if that statute had been in effect at the time of her burglary offense. She asked the trial court to recall her burglary sentence and resentence her to the misdemeanor offense.

The trial court held an eligibility hearing and denied defendant's petition. Relying on this court's decision in *In re J.L.* (2015) 242 Cal.App.4th 1108 (*J.L.*), the trial court found defendant was not eligible for recall of sentence because the Church was not a "commercial establishment." The court acknowledged the Church "incidentally . . . operated a bookstore" but concluded the Church was not "primarily engage[d] in selling that merchandise, but rather served as a place of worship." The trial court further found, as an independent ground for denying defendant's section 1170.18 petition, that it was "reasonable to infer that the [C]hurch was not open for worship when [defendant] committed the offense" and, thus, that "the People have also established beyond a reasonable doubt that the burglary did not occur during the [C]hurch's hours of operation."

Defendant appealed from the trial court's ruling, and this court stayed the appeal and remanded to the trial court with directions to reconsider its ruling in light of a reply brief from defendant that was apparently lost and not before the trial court at the time of its ruling. The trial court reconsidered the matter and adhered to its prior ruling that the motion should be denied because defendant's offense did not occur during the Church's regular business hours. Having so found, the court determined it

---

danger to public safety. This court affirmed on appeal. (*People v. Nolkemper* (Jan. 10, 2018, B279069) [nonpub. opn.].)

need not reach the question of whether the Church was a commercial establishment.

## II. DISCUSSION

As we have already mentioned in the margin, "[s]hoplifting is defined as the act of entering a commercial establishment with intent to steal property while the establishment is open during regular business hours, where the value of the property taken or intended to be taken is $950 or less—an act that had formerly been punishable as felony burglary." (*People v. Colbert* (2019) 6 Cal.5th 596, 598 (*Colbert*).) For defendant to be eligible for section 1170.18 relief, it must be true that her burglary of the Church meets all four elements of the misdemeanor shoplifting statute: (1) entry into a commercial establishment, (2) with intent to steal, (3) while the establishment is open during regular business hours, and (4) the value of the property taken or intended to be taken does not exceed $950. As we explain, the trial court correctly found defendant was ineligible for Proposition 47 relief on the first of these elements: the Church is not an establishment "primarily engaged in commerce, that is, the buying and selling of goods or services." (*J.L.*, *supra*, 242 Cal.App.4th at 1114.)

Ordinarily, churches are not commercial establishments. Churches are spaces for shared religious connection, worship, and ministry; as the trial court more colorfully put it, churches are "in the business of saving souls, not buying and selling goods."[5] The

---

[5]    Defense counsel asserts there is no evidence in the record that suggests the Church is any different than two Elvis Pressley-themed chapels counsel researched on the internet that appear to primarily be in the business of selling wedding

5

question, then, is whether the presence of a small bookstore offering religion-themed items means defendant can nonetheless be eligible for section 1170.18 relief here.

It does not, for two reasons. First, as *J.L.* holds, commercial establishments are those that are "primarily" engaged in the buying or selling of goods. (*J.L.*, *supra*, 242 Cal.App.4th at 1114.) The evidence in the appellate record describing and depicting the bookstore in this church leaves no doubt that its sales are not the activity in which the establishment is primarily engaged. Second, even if *J.L.*'s emphasis on the activities in which an establishment primarily engages were too broad a mode of analysis in a particular case, our Supreme Court's opinion in *Colbert*, *supra*, 6 Cal.5th 596 indicates courts should focus on the particular location in an establishment that a defendant entered and the property that a defendant stole or intended to steal. (*Id.* at 598, 604, 608 [the offense is burglary, not misdemeanor shoplifting, where the defendant "enter[s] an interior room [of a convenience store or gas station] that is objectively identifiable as off-limits to the public with intent to steal therefrom"].) The record in this case establishes defendant broke a window in a double-deadbolted area obviously not open to the public, and nothing in our record suggests she attempted to enter the Church to steal copies of "Walking With the Savior" or any of the other items the bookstore

---

packages. That overstates the matter. The declaration from the pastor and founder of the Church states the Church holds bible study classes every week, and the materials available for purchase in the Church's bookstore have an obvious religious character that bear no similarity to an Elvis Pressley-themed wedding.

had available for purchase—indeed, the available evidence is to the contrary.[6]

Because we conclude the Church does not qualify as a commercial establishment we need not discuss the Church's regular business hours or the other elements of a proper section 459.5 showing. Defendant is ineligible for section 1170.18 relief. (§ 1170.18, subds. (a)-(b).)

DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.                                      KIM, J.

---

[6] The information before the court when defendant was sentenced for burglary indicated she stole electronic equipment and office supplies (plus a mirror) from the other burglarized churches.

7