Filed 8/15/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ADAM STYLZ,<br><br>    Defendant and Appellant. | B263072<br><br>(Los Angeles County<br>Super. Ct. No. LA075766) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Kellogg, Judge.  Affirmed.

David Blake Chatfield, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Chung L. Mar and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Appellant Adam Stylz was charged with burglary for forcibly entering a storage unit with intent to commit larceny. He pled no contest to second degree commercial burglary, and was sentenced to three years formal probation. On March 4, 2015, appellant filed a petition for resentencing pursuant to Penal Code section 1170.18, subdivisions (a) and (f).[1] In his petition, appellant argued his felony burglary conviction was reducible to misdemeanor "shoplifting" under section 459.5. Section 459.5 defines "shoplifting" as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." The trial court denied the petition, after determining that appellant's crime was not shoplifting. Based on guidance from the California Supreme Court's recent decision in *People v. Garcia* (2016) 62 Cal.4th 1116 (*Garcia*), we conclude that appellant was convicted of second degree burglary of a specific storage unit, not burglary of a commercial establishment open during regular business hours. Accordingly, we affirm.

## FACTUAL BACKGROUND & PROCEDURAL HISTORY

On October 13, 2013, appellant forced entry into a locked storage unit rented by Paul Foley, and took property Foley estimated to be worth $4,805. Subsequently, appellant was charged with burglary for entering storage unit No. B309 with intent to commit larceny (§ 459), and grand theft of personal property belonging to Foley (§ 487, subd. (a)). On August 6, 2014, appellant pled no contest to second degree burglary, and the charge of grand theft was dismissed.

---

[1] All further statutory citations are to the Penal Code, unless otherwise stated.

The trial court suspended imposition of sentence and placed appellant on formal probation for three years.

On March 4, 2015, appellant filed a petition for resentencing pursuant to section 1170.18, subdivisions (a) and (f).  In his petition, appellant contended that the felony conviction for second degree burglary was reducible to misdemeanor shoplifting.  He argued that he entered the storage facility -- a commercial establishment -- during regular business hours with the intent to commit larceny and took property worth less than $950.  In support of his valuation, appellant submitted a declaration by his counsel estimating the value of the property based on eBay listings.

On March 6, 2015, the trial court denied the petition for resentencing, determining that appellant's crime did not constitute shoplifting, as a public storage business is not "open[] for the sale of items."  It reserved jurisdiction on the property valuation in the event this court determined that appellant's crime could constitute shoplifting.  Appellant filed a timely appeal from the order denying his petition for resentencing.

On November 30, 2015, appellant's court-appointed counsel filed an opening brief requesting this court independently review the record pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441.  Subsequently, we identified a potential issue and asked the parties to address the following: "Whether the crime of forcing entry into a public storage unit when the storage facility was open to the public and taking property belonging to another is -- assuming the property taken is worth less than $950 -- shoplifting as defined by Penal Code section 459.5."

## DISCUSSION

On November 4, 2014, California voters approved Proposition 47, which went into effect the next day.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).)  Proposition 47 was intended to "ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K-12 schools, victim services, and mental health and drug treatment."  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70.)  It reclassified certain drug- and theft-related offenses as misdemeanors, unless the offenses were committed by ineligible defendants.  (*Rivera*, *supra*, 233 Cal.App.4th at p. 1091; *People v. Contreras* (2015) 237 Cal.App.4th 868, 889- 890.)  It also included a provision that allows a defendant currently serving a sentence for a felony that would have been a misdemeanor had Proposition 47 been in effect at the time of the offense to file a petition for recall of sentence and resentencing.  (§ 1170.18.)

Proposition 47 added section 459.5, which provides:  "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950).  Any other entry into a commercial establishment with intent to commit larceny is burglary."  As explained below, we conclude appellant's crime of forcing entry into a locked storage unit and taking property belonging to another did not fit within the statutory definition of shoplifting under section 459.5.

Appellant was convicted of second degree burglary.  Burglary is defined as entry into "any house, room, . . . warehouse . . . or other building . . . with intent to

commit grand or petit larceny or any felony." (§ 459.) In *Garcia*, the California Supreme Court clarified that a defendant may be convicted of burglary (1) for entering a structure with intent to commit larceny or other felony, or (2) for entering a specific room within that structure with intent to commit larceny or another felony, "if the subsequently entered room provides a separate and objectively reasonable expectation of protection from intrusion relative to the larger structure." (*Garcia*, *supra*, 62 Cal.4th at p. 1120.) The court explained: "Such a separate expectation of privacy and safety may exist where there is proof that the internal space is owned, leased, occupied, or otherwise possessed by a distinct entity; or that the room or space is secured against the rest of the space within the structure, making the room similar in nature to the stand-alone structures enumerated in section 459." (*Ibid*.) Here, the record shows that appellant was charged with -- and pled no contest to -- entering storage unit No. B309 with intent to commit larceny. The storage unit was leased by Foley, an individual separate from the commercial entity that owned the storage facility. In addition, the storage unit was locked and thus "secured against the rest of the space within the structure." In short, appellant was properly charged with and convicted of second degree burglary for entering a specific storage unit with the intent to commit larceny.

Appellant's crime did not fall within the statutory definition of shoplifting. The factual basis for appellant's burglary conviction was that (1) he forced entry into a specific locked storage unit (2) with intent to commit larceny (3) during the regular business hours of the storage facility and (4) took property belonging to another. As set forth in section 459.5, the elements of shoplifting are: (1) entry into a "commercial establishment" (2) with intent to commit larceny (3) while the establishment is open during regular business hours, and (4) taking or intending to

5

take property valued at $950 or less.  Setting aside the valuation of the stolen property, appellant has not demonstrated that a specific locked storage unit -- as opposed to the storage facility -- is a commercial establishment.  "Giving the term its commensense meaning, a commercial establishment is one that is primarily engaged in commerce, that is, the buying and selling of goods or services."  (*In re J.L.* (2015) 242 Cal.App.4th 1108, 1114 [interpreting section 459.5].)  No evidence suggests that Foley rented the storage unit to engage in commerce.  Similarly, no evidence suggests that the locked storage unit was open to the public during "regular business hours."  Thus, appellant's conduct in forcing entry into a private locked storage unit did not constitute shoplifting, as defined by section 459.5.  Accordingly, the trial court properly denied appellant's petition for resentencing.

## DISPOSITION

The order is affirmed.

## CERTIFIED FOR PUBLICATION.

MANELLA, J.

We concur:

WILLHITE, Acting P. J.                COLLINS, J.

6