Filed 9/29/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B266185 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA088944) |
| v. | |
| NICHOLAS HALLAM, | |
| Defendant and Appellant. | |

---

APPEAL from an order of the Superior Court of Los Angeles County. Laura Laesecke, Judge. Reversed.

Janet Uson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Nathan Guttman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In this appeal we consider whether the entry during business hours into a commercial establishment's employee rest room to commit larceny qualifies as "shoplifting" under Penal Code[1] section 459.5 as enacted by the voters in Proposition 47. We conclude that it does.

Nicholas Hallam appeals an order denying his petition for resentencing/application to redesignate his felony conviction for second degree burglary as misdemeanor shoplifting pursuant to Proposition 47, the Safe Neighborhoods and Schools Act (Proposition 47 or the Act). (§§ 1170.18, subds. (a)–(e), (f)–(i), 459.5.) The trial court reasoned that because appellant entered a store through the back entrance and committed the theft in an "employee area" of the store, the offense did not meet the definition of "shoplifting" under section 459.5, and his felony conviction thus did not qualify for resentencing or redesignation as a misdemeanor under section 1170.18, subdivisions (a)–(e) or (f)–(i).[2] Appellant contends the trial court erred in denying his application because his crime satisfied the elements of shoplifting under section 459.5 and the factors cited by the court did not disqualify him from relief under section 1170.18, subdivisions (b) or (i). We agree and reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

In May 2011, appellant entered a Computers NLA store during business hours and used the employee rest room with the store's permission. When he left the store he proceeded to the back of the building. There he climbed over a fence and reentered the

---

[1] Undesignated statutory references are to the Penal Code.

[2] Appellant's application/petition for resentencing indicated he had completed his sentence but was still on probation or parole. He requested that his felony sentence be recalled and that he be resentenced to a misdemeanor sentence pursuant to section 1170.18, subdivisions (a)–(e). He also sought relief pursuant to section 1170.18, subdivisions (f)–(i), requesting that the felony conviction be designated a misdemeanor conviction. The trial court treated appellant's request as an application to designate a felony conviction as a misdemeanor conviction.

store through the back door.  He returned to the rest room and took an air compressor valued at $350.

On May 24, 2011, appellant entered a plea of no contest to one count of second degree burglary.  The court sentenced him to two years in state prison.

On April 21, 2015, appellant filed a petition for resentencing/application for redesignation of a conviction pursuant to section 1170.18, subdivisions (a)–(e) and (f)–(i), seeking to designate his felony burglary conviction as a misdemeanor shoplifting conviction.  The district attorney opposed the application on the grounds that the employee rest room was not an area to which the public generally had access, and appellant intended to steal an item that belonged to the store but was not store merchandise.

The trial court concluded Proposition 47 would not apply to reduce appellant's felony conviction to a misdemeanor, reasoning that, to qualify as shoplifting, the statute "anticipates" entry into an area of a commercial establishment to which the public has access and where merchandise is sold.  Because appellant did not enter the store through the front door and he took an item from the employee area, the court ruled that appellant's offense did not meet the criteria for shoplifting under section 459.5.

## DISCUSSION

California voters approved Proposition 47 on November 4, 2014.  The stated intent of the initiative was to "ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K–12 schools, victim services, and mental health and drug treatment."  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70; *People v. Stylz* (2016) 2 Cal.App.5th 530, 533; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)

To fulfill its purpose of "requir[ing] misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession" (Voter Information Guide, Gen. Elec., *supra*, § 3, p. 70), Proposition 47 added section 459.5 to the Penal Code, creating "a new crime of 'shoplifting,' a misdemeanor offense that punishes certain

3

conduct that previously would have qualified as a burglary"[3] (*In re J.L.* (2015) 242 Cal.App.4th 1108, 1112 (*J.L.*)).  Section 459.5, subdivision (a) defines shoplifting as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)."

"Proposition 47 allows a person . . . who is currently serving a felony sentence for an offense that is now a misdemeanor . . . to petition for recall of sentence and resentencing in accordance with its provisions." (*People v. Hoffman* (2015) 241 Cal.App.4th 1304, 1308–1309; § 1170.18, subd. (a).)  *Hoffman* noted that if the petitioner meets the statutory criteria, the trial court has no discretion to deny the petition, unless the court determines that resentencing " 'would pose an unreasonable risk of danger to public safety.' " (*Hoffman*, *supra*, at p. 1309; § 1170.18, subd. (b).)  The initiative also includes a procedure whereby a person who has completed the sentence on a felony conviction for an offense that is now a misdemeanor under the Act may file an application in the trial court to have the felony conviction designated as a misdemeanor. (§ 1170.18, subd. (f); *People v. Tidwell* (2016) 246 Cal.App.4th 212, 218.)  Unlike the petition for recall and resentencing, the trial court undertakes no assessment of any risk to public safety in ruling on an application for designation of a felony as a misdemeanor under Proposition 47:  If the application satisfies the statutory criteria in subdivision (f), the court *shall* designate the felony offense as a misdemeanor.  (§ 1170.18, subd. (g).)  Thus, the court has no discretion to deny the application of a person who has completed his felony sentence and "who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense."  (§ 1170.18, subd. (f).)

---

[3] While shoplifting is generally to be treated as a misdemeanor, a person who has a prior "super-strike" conviction (§ 667, subd. (e)(2)(C)(iv)) or is required to register as a sex offender (§ 290, subd. (c)) is excluded from the misdemeanor designation for the crime under section 459.5, and "may be punished pursuant to subdivision (h) of section 1170."  (§ 459.5, subd. (a).)

4

Appellant contends that because he satisfies the statutory criteria for reclassifying his burglary conviction as shoplifting under the plain language of section 459.5, the trial court erred in denying his application. We agree.

Our interpretation of Proposition 47 "is governed by the same rules that apply in construing a statute enacted by the Legislature." (*People v. Park* (2013) 56 Cal.4th 782, 796; *People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 571.) " 'The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law.' " (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276.) "We begin with the language of the statute, to which we give its ordinary meaning and construe in the context of the statutory scheme." (*People v. Johnson* (2015) 61 Cal.4th 674, 682.) "A statute ' "must be given a reasonable and common sense interpretation consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity." ' " (*People v. Zambia* (2011) 51 Cal.4th 965, 972.) "Once the electorate's intent has been ascertained, the provisions must be construed to conform to that intent. [Citation.] '[W]e may not properly interpret the measure in a way that the electorate did not contemplate: the voters should get what they enacted, not more and not less.' " (*People v. Park*, *supra*, 56 Cal.4th at p. 796.)

"The crime of shoplifting has three elements: (1) entry into a commercial establishment, (2) while the establishment is open during regular business hours, and (3) with intent to commit larceny of property valued at $950 or less." (*J.L.*, *supra*, 242 Cal.App.4th at p. 1114; § 459.5, subd. (a).) "Any other entry into a commercial establishment with intent to commit larceny is burglary." (§ 459.5, subd. (a).)

The parties do not dispute that the Computers NLA store is a "commercial establishment," or that appellant intended to and did commit larceny of property valued at less than $950. The Attorney General, however, contends that appellant "failed to satisfy his initial burden to show that the store he entered was 'open during regular business hours' within the meaning of the shoplifting statute." We disagree.

5

When appellant pleaded no contest to the charge of second degree burglary, the parties stipulated to a factual basis as set forth in the police reports.[4] At the hearing on the application for redesignation of the felony, defense counsel stated specifically during his summary of the arrest reports that the store "was open during business hours." In addition, the probation report before the court when appellant entered his plea states that appellant was detained and arrested on the scene on May 13, 2011, at 11:40 a.m.

In ruling on the application, the trial court accepted the representation that the crime occurred during regular business hours, expressly acknowledging that the front of the store through which appellant initially walked to reach the rest room was open for business. Moreover, the prosecutor failed to dispute the defense representation that the theft occurred during regular business hours, agreeing with the trial court's statement that the store was a commercial establishment that was open for business, while the employee rest room was not.

"The trial court's decision on a section 1170.18 petition is inherently factual, requiring the trial court to determine whether the defendant meets the statutory criteria for relief" (*People v. Contreras* (2015) 237 Cal.App.4th 868, 892), and we review the trial court's factual findings for substantial evidence (*People v. Trinh* (2014) 59 Cal.4th 216, 236; *People v. Perkins* (2016) 244 Cal.App.4th 129, 136). Here, the trial court's characterization of the Computers NLA store as a commercial establishment that was open for business when appellant entered is not reasonably open to question. We therefore reject the Attorney General's assertion that appellant failed to carry his burden of establishing that the entry occurred during the store's regular business hours.

On the other hand, we review de novo the trial court's legal conclusion that the store's employee rest room was not part of a "commercial establishment" within the meaning of section 459.5. (*Smith v. Superior Court* (2006) 39 Cal.4th 77, 83; *People v. Perkins*, *supra*, 244 Cal.App.4th at p. 136.) " ' "[I]n construing the statutory provisions a

---

[4] The record on appeal contains no police reports.

court is not authorized to insert qualifying provisions not included and may not rewrite the statute to conform to an assumed intention which does not appear from its language." ' " (*In re Hoddinott* (1996) 12 Cal.4th 992, 1002; see also *People v. Rizo* (2000) 22 Cal.4th 681, 685–686.)

Turning to the words of the statute here, we find no indication that shoplifting can occur only in specific areas of a commercial establishment. Nor does there appear any requirement that the business's commercial activity must be taking place in the area from which the theft occurs in order to qualify the offense as shoplifting. The trial court thus added an element to the offense that is absent from the plain language of the statute itself when it determined that appellant's theft would qualify as shoplifting only if it occurred in an area of the commercial establishment open to the public where merchandise is sold. Based on its impermissible revision of the definition of shoplifting, the court concluded that the crime was burglary rather than shoplifting because appellant entered the store through the back and stole an item from the employee rest room rather than an area of the store that was "open for business."

Relying on *J.L.*, *supra*, 242 Cal.App.4th at pages 1114–1115, the Attorney General urges we adopt a "commonsense meaning" of "commercial establishment" to hold that the term excludes any room within the business where the buying and selling of goods or services does not occur. According to the Attorney General, because "[a] person is guilty of burglary who enters a room with the intention to commit a theft" (*People v. Edwards* (1971) 22 Cal.App.3d 598, 602), when appellant returned to the employee rest room to steal the air compressor, he did not enter a commercial establishment within the meaning of section 459.5. In *J.L.*, however, the court applied its commonsense interpretation of "commercial establishment" not to a single room or area within a commercial venue, but to an entire school facility, and concluded that "[a] public high school is not an establishment primarily engaged in the sale of goods and services; rather, it is an establishment dedicated to the education of students." (*J.L.*, *supra*, 242 Cal.App.4th at p. 1114.)

In contrast to the public high school in *J.L.*, Computers NLA unquestionably qualifies as a "commercial establishment" within the meaning of section 459.5. We find nothing in *J.L.*'s discussion of schools to inform our decision as to whether shoplifting includes the entry into any area of a commercial establishment during business hours, whether open to the public or not, as long as the establishment as a whole is open for business.

We do, however, find guidance on the question in our Supreme Court's recent holding in *People v. Garcia* (2016) 62 Cal.4th 1116 (*Garcia*). There, the defendant challenged two burglary convictions that resulted from his entry into a store to commit robbery followed by his entry into the store's bathroom to commit rape. Reversing the dual burglary convictions, our Supreme Court found insufficient evidence that the rest room afforded "its occupants a separate and reasonable expectation of protection from intrusion and danger, beyond that provided by the shop itself." (*Id*. at p. 1120.) The court explained: "Where a burglar enters a structure enumerated under section 459 with the requisite felonious intent, and then subsequently enters a room within that structure with such intent, the burglar may be charged with multiple burglaries only if the subsequently entered room provides a separate and objectively reasonable expectation of protection from intrusion relative to the larger structure. Such a separate expectation of privacy and safety may exist where there is proof that the internal space is owned, leased, occupied, or otherwise possessed by a distinct entity; or that the room or space is secured against the rest of the space within the structure, making the room similar in nature to the stand-alone structures enumerated in section 459." (*Id*. at pp. 1119–1120.) The court identified several characteristics that might indicate an interior room shares the enhanced expectation of privacy and security of a stand-alone structure, including a locked door and signs to prevent unauthorized access. (*Id*. at p. 1129.) Such features demonstrate "a separate and objectively reasonable expectation of protection from intrusion, distinct from that provided by the security of the overarching structure." (*Id*. at p. 1127.)

Here, like the store bathroom in *Garcia*, the rest room in the Computers NLA store was separate from the main part of the business and was not generally open to the public.

But as in *Garcia*, there is no evidence the rest room in this case was kept locked or provided any more than "a limited transitory source of privacy." (*Garcia*, *supra*, 62 Cal.4th at p. 1132.) As demonstrated by appellant's use of the rest room before returning to steal the air compressor, there appeared to be no obstacles to gaining entry to this "employee area." The area thus lacked any objective indications of a heightened expectation of privacy and security beyond what the store itself provided such that the offense should be deemed burglary rather than shoplifting.

Because appellant's crime qualified under section 459.5 as shoplifting, the trial court erred in denying relief under Proposition 47.

## DISPOSITION

The order is reversed.

CERTIFIED FOR PUBLICATION.


                                                           LUI, J.

We concur:


CHANEY, Acting P. J.


JOHNSON, J.

9