*392 RUSHING, P. J.,
Dissenting.—I respectfully dissent. In my view, Colbert’s conduct constituted shoplifting under the plain language of Penal Code section 459.5. Because Colbert has established his eligibility for resentencing under Proposition 47, I would reverse the trial court’s order denying the petition.
In each of the four offenses, Colbert and his companion entered a commercial establishment during business hours. They employed the same modus operandi in each instance: While Colbert distracted the store clerk, Colbert’s companion snuck into a back office to steal cash. In count 1, the companion stole about $300 in cash at a gas station. In count 2, he stole about $318 in cash at a 7-Eleven convenience store. In count 3, he stole more than $3,000 in cash at another 7-Eleven.[1] In count 4, also at a 7-Eleven, he was interrupted before he could take anything.
Shoplifting is defined as “entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950).” (Pen. Code, § 459.5, subd. (a).) There is no dispute that each of the four offenses occurred at a “commercial establishment”—e.g., a gas station and three convenience stores. There is also no dispute that Colbert and his companion entered the establishments during business hours.
The majority nonetheless reasons that Colbert and his companion did not commit shoplifting because in each instance the companion entered a private back office area to take the property. The majority concludes that, by entering a private office, Colbert and his companion exited the commercial part of the establishment and entered a discrete area.
I respectfully disagree. Under the plain language of the statute, a defendant commits shoplifting as soon as he or she enters a commercial establishment with the requisite intent. As evidenced by their modus operandi, it is obvious both Colbert and his companion had the intent to commit larceny as soon as they set foot in each establishment. At that point, the offense of shoplifting was complete. Whatever they did after entering the establishment was relevant only insofar as it revealed their preexisting intent to commit larceny. Nothing in the statute or any other authority cited by the majority defines a “commercial establishment” to exclude nonpublic areas of the structure in question. And I do not think a defendant can “exit” an establishment by entering an office inside it.
The Second District Court of Appeal recently considered this issue in People v. Hallam (2016) 3 Cal.App.5th 905 [207 Cal.Rptr.3d 812], Hallam *393 stole an air compressor from an employee restroom at a computer store. After pleading no contest to commercial burglary, he petitioned under Proposition 47 to designate the conviction as misdemeanor shoplifting. The trial court denied the petihon for resentencing on the ground that Hallam did not enter into an area of a commercial establishment to which the public has access and where merchandise is sold. The Court of Appeal reversed, holding that “we find no indication that shoplifting can occur only in specihc areas of a commercial establishment. Nor does there appear any requirement that the business’s commercial activity must be taking place in the area from which the theft occurs in order to qualify the offense as shoplifhng. The trial court thus added an element to the offense that is absent from the plain language of the statute itself when it determined that appellant’s theft would qualify as shoplifhng only if it occurred in an area of the commercial establishment open to the public where merchandise is sold.” (Hallam, at p. 912.) I find this reasoning persuasive and squarely on point with the facts of this case.
The trial court here also ruled that the offenses did not constitute shoplifting based on a finding that Colbert intended to take more than $950 from each establishment. But the statute sets the threshold at “the value of the property that is taken or intended to be taken . . . .” (Pen. Code, § 459.5, subd. (a).) This language sets the threshold at the objective value of the targeted property, not some subjective dollar amount in the defendant’s mind. This makes sense because the defendant may have no specihc monetary value in mind. Here, for example, Colbert and his companion apparently intended to take whatever cash they could find, regardless of whether it was $300 or $3,000. With the exception of count 3, I see no evidence that the property they intended to take was valued at more than $950. Because the value of the stolen property in counts 1 and 2 fell within the $950 limit, I conclude those offenses constituted shoplifhng.
Accordingly, I would reverse the order denying the petihon and remand for further proceedings to determine Colbert’s eligibility on count 4 and his risk of danger to public safety.
On November 18, 2016, the opinion was modified to read as printed above. Appellant’s pehtion for review by the Supreme Court was granted February 15, 2017, S238954.

 Because the value of the cash stolen in count 3 exceeded $950, Colbert does not contend this count constituted shoplifting.